# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK WOODALL, | CASE NO. 1:08-cv-01948-OWW-DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION |
| v. | (Doc. 9) |
| STATE OF CALIFORNIA, et al., | RESPONSE DUE WITHIN **THIRTY** DAYS |
| Defendants. | |

Nick Woodall ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 22, 2008, Plaintiff filed his complaint. (Doc. 1.) On April 10, 2009, the Court issued an order requiring Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on the claims found to be cognizable. (Doc. 7.) On April 29, 2009, Plaintiff filed a motion entitled, "Motion to Amend Order of April, 2009, And Response To Order of Willingness To Proceed Only On Claims Found To Be Cognizable, In The Alternative." (Doc. 9.) The Court shall treat this as a motion for reconsideration.

**I.      Legal Standard**

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992).  Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v.

1

1  Lynnwood Equip., Inc., 841 F.2d 918, 925-6 (9th Cir. 1988).  Nor is reconsideration to be used to
2  ask the court to rethink what it has already thought.  United States v. Rezzonico, 32 F. Supp. 2d
3  1112, 1116 (D. Ariz.1998).  "A party seeking reconsideration must show more than a
4  disagreement with the Court's decision, and recapitulation of the cases and arguments considered
5  by the court before rendering its original decision fails to carry the moving party's burden."  U.S.
6  v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

7  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick
8  Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th
9  Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing
10 nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of
11 Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on
12 other grounds, 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration, Local
13 Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to
14 exist which did not exist or were not shown upon such prior motion, or what other grounds exist
15 for the motion."

16 **II.      Arguments**

17 Plaintiff complains of the dismissal of his due process claims.  Plaintiff contends that
18 defendants have violated their own regulations when they used mechanical restraints on Plaintiff
19 for 165 minutes despite not having good cause, and in detaining Plaintiff in a holding cage for 8
20 hours.  (Doc. 9, Pl.'s Mot. 1-5.)  Citation to prison regulations does not change the Court's
21 finding here.  The focus is not on the wording of the prison regulation, but rather an examination
22 of the hardship faced.  Mitchell v. Dupnik, 75 F.3d 517, 522 (9th Cir. 1996).  A due process
23 violation occurs when the deprivation in question imposes "an atypical and significant hardship
24 on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Connor, 414 U.S.
25 472, 484 (1995).  A single incident of being confined in a holding cage for 8 hours, and of being
26 handcuffed for 165 minutes, does not rise to the level of a due process violation.  Plaintiff's
27 motion is therefore denied.
28 //

Furthermore, the Court will not rule in the alternative that Plaintiff is willing to proceed only on the claims found to be cognizable.  Plaintiff by this motion indicates that he is not willing to proceed only on the claims found to be cognizable.  If Plaintiff wishes to amend his complaint to allege further claims, Plaintiff may do so by filing an amended complaint within thirty days.  If Plaintiff wishes to proceed only on the claims found to be cognizable, Plaintiff may so notify the Court.  However, the Court will not construe Plaintiff's motion, filed on April 29, 2009, as anything other than a motion for reconsideration.

### III.     Conclusion and Order

For the foregoing reasons, the Court HEREBY ORDERS that:

1) Plaintiff's motion, filed on April 29, 2009, is denied;

2) Within **thirty (30)** days of the date of service of this order, Plaintiff must either:

    a) file an amended complaint, curing the deficiencies identified by the Court in its April 10, 2009 order; or

    b) notify the Court of his willingness to proceed only on the claims found to be cognizable by the Court in its April 10, 2009 order; and

3) Failure to comply with the Court's order will result in a recommendation that this action be dismissed for failure to obey a Court order.

IT IS SO ORDERED.

Dated:   **September 22, 2009**                      **/s/ Dennis L. Beck**
                                                             UNITED STATES MAGISTRATE JUDGE