# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK WOODALL,<br><br>            Plaintiff,<br><br>     v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>            Defendants.<br>_____ / | CASE NO. 1:08-cv-01948-OWW-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT CERTAIN DEFENDANTS AND CLAIMS BE DISMISSED<br><br>(Doc. 1) |

**Findings and Recommendations Following Screening of Complaint**

### I.     Procedural History

Plaintiff Nick Woodall ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 22, 2008. On April 10, 2009, the Court issued an order finding that Plaintiff's complaint states cognizable claims against Defendants Valdez, Ferro, A. Raygosa, T. Lawson, M. Sexton, Olive, and T. Gonzales III for violation of the Eighth Amendment, but does not state any claims against Defendants the State of California, California Department of Corrections and Rehabilitation, R. Castro, E. Felix, E. Meyer, J. Torres, M. Alaniz, A. Robles, and Flores. The Court ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on the claims found to be cognizable. On April 29, 2009, Plaintiff filed a motion requesting that the Court reconsider its order, which was addressed by Order filed September 23, 2009. On October 1, 2009,

Plaintiff notified the Court that he does not wish to amend and is willing to proceed on the claims found cognizable. Based on Plaintiff's notice, this Findings and Recommendations now issues.

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### B. Summary of Plaintiff's Complaint

Plaintiff is currently a state prisoner at Corcoran State Prison ("CSP") in Corcoran, California, where the acts he complains of occurred. Plaintiff names the following defendants: State of California; California Department of Corrections and Rehabilitation ("CDCR"); Correctional Officers ("C/O") C. Love, R. Castro, E. Felix, E. Meyer, J. Torres, M. Alaniz, A. Robles, Ferro, A. Raygosa, and Olive; Correctional Captain Flores; Correctional Lieutenant M. Sexton; Correctional Sergeants T. Gonzales III and M. Drew; and Licensed Vocational Nurse Valdez.

1    Plaintiff alleges the following. On September 13, 2007 at approximately 4 AM, Plaintiff and
2 his cell mate were awakened by a group of correctional staff from the Investigative Services Unit
3 ("ISU"), led by defendant C. Love, who ordered Plaintiff and his cell mate out of their cell. (Doc.
4 1, pp. 4-5.) Plaintiff was placed in handcuffs with Plaintiff's hands behind his back. (Id., p. 5:9-11.)
5 Plaintiff was then ushered out with his cell mate. (Id., p. 5:16-17.) Plaintiff's boxer shorts were
6 taped to his thighs. (Id., p. 5:18-20.) Correctional staff then walked Plaintiff to a wall and proceeded
7 to use a metal detector probe near Plaintiff's scrotum and buttocks. (Id., pp. 5:26-6:2.) Correctional
8 staff present include defendants R. Castro, E. Felix, E. Meyer, J. Torres, M. Alaniz, A. Robles, M.
9 Sexton, and Flores. (Id., p. 6:2-10.) Plaintiff was then escorted by defendants Castro and Robles to
10 the medical clinic and placed in the holding cages. (Id., p. 7:4-6.) Plaintiff was medically evaluated
11 by defendant Valdez at 4:15. (Id., p. 7:10-13.) At 4:30, defendant Ferro checked on Plaintiff. (Id.,
12 p. 7:16-18.) Plaintiff informed defendant Ferro that he had documented shoulder problems in his
13 medical file and that being handcuffed in the back was causing extreme pain. (Id., p. 7:18-22.)
14 Plaintiff requested that the cuffs be moved to the front of his body, especially since he was still in the
15 holding cage. (Id., p. 7:22-25.) Ferro informed Plaintiff that he would inquire if it was permissible
16 to move the handcuffs, and never returned. (Id., p. 7:26-28.) Plaintiff explained his situation to
17 defendant Valdez, who agreed to inform staff, and also never responded. (Id., p. 8:1-11.) At 5:00,
18 defendant A. Raygosa checked on Plaintiff. (Id., p. 8:14-16.) Plaintiff explained his situation to A.
19 Raygosa, who ignored Plaintiff. (Id., p. 8:19-26.)

20    At 5:15, Plaintiff informed defendant T. Lawson of his medical issues. (Id., pp. 8:27-9:9.)
21 Lawson promised to contact ISU staff. (Id.) Lawson returned 10 minutes later to inform Plaintiff
22 that defendant M. Sexton had denied Plaintiff's request and that Plaintiff must remain cuffed behind
23 his back. (Id.) Plaintiff saw defendant Valdez walk by and again told Valdez of his situation, to
24 which Valdez did nothing. (Id., p. 9:10-19.) At 6:05, defendant Olive walked over to check on
25 Plaintiff and was informed by Plaintiff of the situation. (Id., p. 10:4-14.) Defendant Olive told him
26 there was nothing he could do. (Id.) At 6:20, Plaintiff informed defendant T. Gonzales III of his
27 medical situation. (Id., p. 10:15-11:4.) At 6:40, Plaintiff was moved to the holding cages in the
28

program office. (Id.) Plaintiff remained handcuffed in the back. (Id.) At 6:45, Plaintiff's handcuffs were finally removed. (Id.)

Plaintiff was held in the holding cages until approximately 12:05, at which point he was permitted to return to his cell. (Id., p. 12:17-27.) Upon returning to their cell, Plaintiff and his cell mate discovered that their cell had been thoroughly searched and that all their possessions were in disarray, and some items were confiscated. (Id., p. 13:8-14:11.) Plaintiff filed a 602 inmate appeal contending a staff complaint. (Id., p. 15:4-13.) The complaint was instead processed as a property complaint. (Id., p. 15:14-23.) Plaintiff believes that this was done to cover up the wrongdoing by any prison officials involved in the search of Plaintiff's cell and confiscation of property. (Id.)

Plaintiff alleges that because he was handcuffed for over 2 hours with his hands behind his back, Plaintiff suffered significant paralysis in his shoulders, which required surgery. (Id., p. 9:18-23.) Plaintiff contends that his handcuffing either caused or exacerbated Plaintiff's medical condition. (Id., p. 19:24-20:3.)

Plaintiff seeks monetary damages and new regulations enacted to prevent such alleged civil rights violations from occurring again. (Id., p. 4.)

**C.     Plaintiff's Claims**

       **1**.     State and CDCR as a Defendant

Plaintiff names the State of California and CDCR as defendants. Plaintiff may not sustain an action against a state or its agencies without prior consent. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brook, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh

Amendment immunity); <u>Mitchell v. Los Angeles Community College Dist.</u>, 861 F.2d 198, 201 (9th Cir. 1989). Accordingly, both the State of California and CDCR are entitled to Eleventh Amendment immunity from suit.

### 2. *Conditions of Confinement*

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. <u>Id</u>.; <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1107 (9th Cir. 1986); <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994) (citing <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." <u>Farmer</u>, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. <u>Id</u>. at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. <u>Id</u>. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. <u>Id</u>. at 835; <u>Frost</u>, 152 F.3d at 1128.

Plaintiff alleges that defendants Valdez, Ferro, A. Raygosa, T. Lawson, M. Sexton, Olive, and T. Gonzales III were informed of his medical condition regarding being handcuffed behind his back, but they did not immediately respond. Plaintiff alleges that he was handcuffed behind his back for approximately 165 minutes which caused him extreme pain because of his pre-existing medical

condition. Plaintiff alleges that this handcuffing incident either caused or exacerbated Plaintiff's need for surgery to avoid significant paralysis below his shoulders. Under federal pleading standards, this is sufficient to state a cognizable claim for conditions of confinement in violation of the Eighth Amendment.

Plaintiff also alleges that defendant C. Love, R. Castro, E. Felix, E. Meyer, J. Torres, M. Alaniz, A. Robles, and Flores were present when Plaintiff was first removed from his cell. This is insufficient to state a cognizable claim against these defendants. Mere presence without more does not demonstrate a violation of Plaintiff's federal rights. Plaintiff fails to allege that these defendants knowingly disregarded an excessive risk to Plaintiff's health or safety.

### 3.   *Cell Search and Detention in Holding Cage*

Plaintiff alleges that his cell was searched by defendant C. Love and others. Prison officials may conduct a search so long as it serves a legitimate penological interest. See Walker v. Sumner, 917 F.2d 382, 386-88 (9th Cir. 1990). However, prisoners have no Fourth Amendment right of privacy in their cells. See Hudson v. Palmer, 468 U.S. 517, 525-26 (1984); Mitchell v. Dupnik, 75 F.3d 517, 522 (9th Cir. 1996). Plaintiff's allegations of wrongdoing by prison officials are not sufficient to give rise to a cognizable Fourth Amendment claim.

Plaintiff's allegations include detention in a holding for over 8 hours. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. See Hewitt, 459 U.S. at 466-68. With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

1  Plaintiff does not state a claim here. Plaintiff fails to allege that he was detained in the holding
2  cages for what would be an "atypical and significant hardship on the inmate in retaliation to the
3  ordinary incidents of prison life." Sandin, 515 U.S. at 484.

### 4. *Inmate Appeal and Confiscation of Property*

Plaintiff alleges that his inmate appeal was improperly processed as a property complaint instead of a staff complaint in order to cover up any wrongdoing by defendants. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495. Plaintiff's allegations do not give rise to a cognizable Due Process claim under section 1983. Plaintiff is not entitled to a specific grievance procedure under the Due Process Clause of the Fourteenth Amendment. Ramirez, 334 F.3d at 860.

Plaintiff also alleges that some of his property was confiscated and never returned. The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for

the loss is available," Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Plaintiff has failed to allege sufficient facts that indicate a deprivation of due process. It is unclear whether Plaintiff alleges an authorized intentional deprivation of property or not. In the event that the destruction was authorized and therefore actionable under section 1983, plaintiff has not alleged any facts suggesting that he was deprived of due process. As long as plaintiff was provided with process, prison officials may deprive him of his property.

### 5. *Loss of Reputation*

Plaintiff alleges that his reputation has been damaged because of this cell search, which affects his role as a Christian minister. (Doc. 1, p. 19:3-17.) Plaintiff fails to state a cognizable section 1983 claim because injury to reputation alone does not result in the deprivation of a liberty or a property interest protected by the Due Process Clause of the Fourteenth Amendment. See Paul v. Davis, 424 U.S. 693, 713 (1976); Johnson v. Barker, 799 F.2d 1396, 1399 (9th Cir. 1986).

## II.     Conclusion and Recommendation

Plaintiff states a cognizable claim against defendants Valdez, Ferro, A. Raygosa, T. Lawson, M. Sexton, Olive, and T. Gonzales III for violation of the Eighth Amendment. Plaintiff fails to state any cognizable claims against defendants the State of California, California Department of Corrections and Rehabilitation, R. Castro, E. Felix, E. Meyer, J. Torres, M. Alaniz, A. Robles, and Flores. Plaintiff was provided with the opportunity to either amend or proceed only on his cognizable claims, and has opted to proceed on the cognizable claims. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed December 22, 2008, against Defendants Valdez, Ferro, A. Raygosa, T. Lawson, M. Sexton, Olive, and T. Gonzales III for violation of the Eighth Amendment;

2. Plaintiff's other claims be dismissed for failure to state a claim; and

3. Defendants the State of California, California Department of Corrections and Rehabilitation, R. Castro, E. Felix, E. Meyer, J. Torres, M. Alaniz, A. Robles, and Flores be dismissed based on Plaintiff's failure to state any claims against them.

These Findings and Recommendations will be submitted to the United States District Judge

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

  IT IS SO ORDERED.

   **Dated:   November 16, 2009**                    **/s/ Dennis L. Beck**
                                                                                     UNITED STATES MAGISTRATE JUDGE