# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK WOODALL, | CASE NO. 1:08-CV-01948-OWW-DLB PC |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO COMPEL |
| v. | |
| STATE OF CALIFORNIA, et al., | (DOCS. 33, 34, 42, 44) |
| Defendants. | DEFENDANTS TO SERVE FURTHER RESPONSE WITHIN 30 DAYS |

Plaintiff Nick Woodall ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed December 22, 2008, against Defendants T. Gonzalez, T. Lawson, Olive, A. Raygosa, M. Sexton, and Valdez for violation of the Eighth Amendment. Pending before the Court are Plaintiff's motions to compel, filed July 1, July 9, August 12, and August 12 of 2010.

**I.      First Motion To Compel Production Of Documents**

Plaintiff's first motion to compel production of documents seeks further response to Request Nos. 3 and 4. (Doc. 33.) Defendants filed an opposition on July 19, 2010. (Doc. 36.) Plaintiff filed his reply on July 27, 2010. (Doc. 38.)

Defendants contend that Plaintiff's motion to compel is procedurally defective because Plaintiff did not submit certification that he in good faith conferred or attempted to confer with Defendants prior to filing his motion. (Defs.' Opp'n 3:9-17, Doc. 36.) Defendants ignore the

1

Court's Discovery and Scheduling Order, which specifically waived this requirement as mandatory, though voluntary compliance is encouraged. (Discovery and Scheduling Order ¶ 5, filed April 9, 2010.) This argument fails for all of Defendants' oppositions to Plaintiff's motions to compel. The Court will now examine the merits of Plaintiff's motion.

<u>Request No. 3</u>: Any and all rules, regulations, and policies of the CDCR and Corcoran State Prison (Corcoran) regarding the treatment of prisoners in conjunction with the use of restraints, and placement in temporary holding cells.

Defendants contend that this request is vague, ambiguous, overly broad, and unintelligible. Defendants' objections are overruled. Plaintiff is requesting rules, regulations, and policies of the CDCR and Corcoran State Prison directly relating to the alleged event in question in this action: Plaintiff being handcuffed while placed in a holding cell. Plaintiff has sufficiently described the document or documents he requests. Defendants cannot reasonably expect Plaintiff, a prisoner, to know what policies were in place regarding the use of restraints on inmates in holding cells. Plaintiff's request goes beyond Title 15 prison regulations.

Defendants are thus ordered to provide further response to Plaintiff's Request For Production No. 3, Set One, within thirty days from the date of service of this order.

<u>Request No. 4</u>: All documents, including without limitation personnel records, pertaining to the employment of each Defendant T. Gonzales III, T. Lawson, A. Olive, L. Valdez, A. Raygosa, and M. Sexton, including but not limited to any and all staff complaints, disciplinaries, and dispositions of such.

Defendants contend that this request is overbroad, lacks foundation, vague, and calls for documents that are subject to federal common law privilege. Plaintiff requests these documents to demonstrate a pattern of abuse, if any, by the Defendants.

This request is overbroad in that it seeks all documents in Defendants' personnel records regarding any complaint filed against them. Not every disciplinary action relates to the events at issue in this action. Thus, the Court will limit the request to "complaints or disciplinary records for ignoring prisoners' complaints of pain." Having limited the scope of the request, Defendants arguments regarding vagueness is moot.

Defendants' objection as to lack of foundation is overruled. Foundation goes towards the admissibility of evidence, which is not a limitation in discovery. Fed. R. Civ. P. 26(b)(1)

1  (relevant information in discovery need not be admissible); *United States v. City of Torrance*,
2  163 F.R.D. 590, 592 (C.D. Cal. 1995).  A prior disciplinary history of ignoring prisoners'
3  complaints of pain could lead to the discovery of admissible evidence, as it could demonstrate
4  motive or pattern of behavior on the part of Defendants.  The time limit will be five years prior to
5  the date of the incident in question, September 13, 2007.

6        Defendants contend that their personnel records fall within federal common law privilege.
7  Federal law regarding privilege applies to federal question cases.  Fed. R. Evid. 501; *see United*
8  *States v. Zolin*, 491 U.S. 554, 562 (1989).  State law may provide guidance, but it is not the law
9  of the circuit.  *Green v. Baca*, 226 F.R.D. 624, 643-44 (C.D. Cal. 2005).  Federal common law
10 recognizes a qualified privilege for official information, including government personnel files.
11 *Kerr v. United States Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir. 1975); *Soto v. City of*
12 *Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995).  In determining whether information sought is
13 privileged, the Court must weigh the potential benefits of disclosure against the potential
14 disadvantages to the party asserting the privilege.  *Sanchez v. City of Santa Ana*, 936 F.2d 1027,
15 1033-34 (9th Cir. 1990).

16       In order to demonstrate privilege, Defendants must make a substantial threshold showing,
17 such as an affidavit from a responsible official with personal knowledge of the matter.  *Soto*, 162
18 F.R.D. at 613.  Defendants contend that a general search of their personnel records reaches well
19 beyond the necessary legitimate inquiry.  The Court limits Plaintiff's request to complaints and
20 disciplinary records for ignoring prisoners' complaints of pain.  As Defendants have yet to
21 respond to this more narrow request, Defendants are ordered to serve further response within
22 thirty days from the date of service of this order.

23 **II.     Motion To Compel - Interrogatories And Admissions**

24       Plaintiff filed his motion to compel further response to his interrogatories and admissions
25 on July 9, 2010.  (Doc. 34.)  Defendants filed their opposition on July 26, 2010.  (Doc. 37.)
26 Plaintiff filed his reply on August 3, 2010. (Doc. 39.)
27 //
28 ///

3

A.      **Defendant Gonzalez**

Interrogatory No. 1:   Describe in as much detail as possible every CSP-Corcoran policy, procedure, and practice (in effect on September 13, 1007) that governs the use of mechanical restraints, including but not limited to their use in conjunction with temporary holding cells.

Defendant contends that this request is overly broad and vague. The Court agrees that a detailed response from Defendant would be unduly burdensome. However, Defendant may respond to such an interrogatory by producing business records that are responsive. Fed. R. Civ. P. 3(d). Plaintiff also made a substantially similar discovery request in Request For Production No. 3, Set One, to which Defendants have been ordered to provide further response. Accordingly, Defendant Gonzalez is ordered to provide further response to Interrogatory No. 1.

Admission No. 1:   Please admit that prior to September 13, 2007, you received training pertaining to inmates shall not wear mechanical restraints in the holding cell unless a clear danger to themselves or others exists.

Defendant Gonzalez responded, "Responding Party objects to this request on the grounds that it is overly broad, vague and ambiguous in its entirety, and unintelligible. Without waiving these objections, Responding Party admits that, before September 13, 2007, he had received training on the need and proper use of mechanical restraints on inmates that are housed in holding cells." Defendant contends that despite his objections, he responded to the best of his ability.

The purpose of a request for admission is to eliminate issues that are not in dispute between the parties. *Asea, Inc. v. Southern Pacific Transport Co.*, 669 F.2d 1242, 245 (9th Cir. 1981). Thus, requests for admissions are not principally discovery devices and should not be used as a substitute for other discovery processes to uncover evidence. *Safeco Ins. Co. of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998).

Defendant in effect admits that he received training as to the proper use of mechanical restraints on inmates that are housed in holding cells before September 13, 2007, but denies the rest of Plaintiff's request for admission. The Court construes this as a sufficient response by Defendant. Plaintiff's motion to compel further response from Defendant Gonzalez to Request for Admission No. 1 is denied.

4

### B. Defendant A. Olive

Admission No. 1:

Plaintiff requests the same admission as against Defendant Gonzalez. Defendant Olive responded in the same manner as Defendant Gonzalez did. This is a sufficient response, as stated above regarding Defendant Gonzalez. This is a sufficient response as stated above regarding Defendant Gonzalez.

Admissions Nos. 2, 3, and 5-8:

Plaintiff moves to compel further response to Requests for Admissions Nos. 2,3, and 5-8. Plaintiff requests admission or denial of specific facts. Defendant Olive responded by stating that he did not have a recollection of the incident alleged in Plaintiff's complaint or the facts alleged in the request. Defendant thus was unable to admit or deny the requests.

Defendant Olive responded to Plaintiff's requests for admission by stating that he did not recall those incidents. Defendant has provided a sufficient response for why he is unable to admit or deny the requests for admission. The Court cannot compel Defendant to admit or deny a fact for an incident that he does not recall. Absent a particularized showing of proof otherwise, no further response is necessary. Accordingly, Plaintiff's motion to compel further response from Defendant Olive to Requests For Admission Nos. 1-3 and 5-8 is denied.

### C. Defendant Lawson

Admission No. 1:

Plaintiff requests the same admission as against Defendant Gonzalez. Defendant Lawson responded in the same manner as Defendant Gonzalez did. This is a sufficient response, as stated above regarding Defendant Gonzalez. Accordingly, Plaintiff's motion to compel further response from Defendant Lawson to Request For Admission No. 1 is denied.

### D. Defendant Sexton

Interrogatory No. 3:   Describe in as much detail as possible every CSP-Corcoran policy, procedure, and practice (in effect on September 13, 1007) that governs the use of mechanical restraints, including but not limited to their use in conjunction with temporary holding cells.

///

5

1    Defendant Sexton responded, "Responding party objects to this interrogatory on the
2 grounds that it is unduly burdensome and overly broad."
3    The Court finds that this interrogatory is unduly burdensome if Defendant Sexton was to
4 respond in detail. However, Defendant may respond by the production of business records.
5 Defendants have also been ordered to provide further response to Request For Production No. 1
6 for a substantially similar request. Accordingly, Defendant Sexton is to provide further response
7 to Interrogatory No. 3 within thirty days from the date of service of this order.
8 Admission No. 1:
9    Plaintiff requests the same admission as above to Defendant Gonzalez. Defendant Sexton
10 responded in the same manner as Defendant Gonzalez. The Court finds Defendant Sexton's
11 response to be sufficient. The Court denies Plaintiff's motion to compel further response to
12 Admission No. 1, as described above.
13    **E.    Defendant A. Raygosa**
14 Admission No. 1:
15    Plaintiff requests the same admission as above to Defendant Gonzalez. Defendant
16 Raygosa responded in the same manner as Defendant Gonzalez. Defendant's response is
17 sufficient, as described above regarding Defendant Gonzalez. The Court denies Plaintiff's
18 motion to compel further response to Admission No. 1.
19 Admissions Nos. 2, 3, and 5-8:
20    Plaintiff moves to compel further response to Requests for Admissions Nos. 2,3, and 5-8.
21 Plaintiff requests admission or denial of specific facts. Defendant Raygosa responded by stating
22 that he did not have a recollection of the incident alleged in Plaintiff's complaint or the facts
23 alleged in the request. Defendant thus was unable to admit or deny the requests.
24    Defendant Raygosa responded to Plaintiff's requests for admission by stating that he did
25 not recall those incidents. Defendant has provided a sufficient response for why he is unable to
26 admit or deny the requests for admission. The Court cannot compel Defendant to admit or deny
27 a fact for an incident that he does not recall. Absent a particularized showing of proof otherwise,
28 no further response is necessary. Accordingly, Plaintiff's motion to compel further response

6

from Defendant Raygosa to Requests For Admission Nos. 1-3 and 5-8 is denied.

### III.     Second Motion To Compel Production Of Documents

Plaintiff filed his second motion to compel production of documents on August 12, 2010. (Doc. 42.) Defendants filed their opposition on August 24, 2010. (Doc. 46.) Plaintiff filed his reply on September 3, 2010. (Doc. 50.)

Plaintiff moves to compel the production of the following documents:

1) Corcoran State Prison Facility 3A Second Watch Facility Sergeant's Post Orders current as of September 13, 2007;

2) the completed holding cell log relative to Plaintiff, dated September 13, 2007;

3) Corcoran State Prison's In-Service-Training Signature sheet reflecting T. Gonzalez, T. Lawson, A. Olive, and M. Sexton receiving training relative to Operational Procedure #241 (Holding Cell Procedure) prior to September 13, 2007;

4) Corcoran State Prison Facility 3A Second Watch Daily Activity Log, dated September 13, 2007;

5) complete crime/incident report (CDCR Form 837) Incident Package, relative to the investigation and resultant search of Plaintiff's cell by Investigative Service Unit (ISU) in Housing Unit 3A01, cell #125;

6) all documents, reports relative to the investigation which resulted in the searching of Plaintiff's cell in housing Unit 3A01, Cell #125, on September 13, 2007;

7) Corcoran State Prison's First Watch Activity Logs for September 12 and September 13, 2007;

8) Corcoran State Prison's Second Watch Activity Logs for September 13, 2007;

10) Corcoran State Prison's Investigative Services Unit First Watch Activity Log, dated September 12, 2007. (Pl.'s Mot. Compel 2-3, Doc. 42.)

Defendants contend that they not have custody, control, or possession of the above requested documents. (Defs.' Opp'n 2:4-18.) Defendants argue that requiring them to produce these documents is essentially forcing Defendants to assist Plaintiff in his litigation. (*Id.*) Defendants suggest that Plaintiff should request a subpoena duces tecum. (*Id.*)

7

       If Defendants are attempting to avoid production by contending that they are not in possession, custody or control of the requested documents, that objection is denied. The specific facts of this action render such an objection unfounded. By virtue of their employment with non-party CDCR, individual defendants are represented by the Attorney General's Office. It is this Court's experience that either individual defendants who are employed by CDCR and/or the Attorney General can generally obtain documents, such as the ones at issue here, from CDCR by requesting them. If this is the case, then, based on their relationship with CDCR, they have constructive control over the requested documents and the documents must be produced. *See*, *e.g.*, *Mitchell v. Adams*, 2009 U.S. Dist. LEXIS 24289, * 24-25, 2009 WL 674348, *9 (E.D. Cal. Mar. 6, 2009) (even though defendant warden was sued in his individual capacity, he had constructive control over requested documents because he had authority to obtain the requested documents from third party CDCR); *see also Gray v. Faulkner*, 148 F.R.D. 220, 223-24 (N.D. Ind.1992) (requiring certification that responding party "have conducted a search for the information reasonably available to them through their agents, attorneys, or others subject to their control and have determined that the information requested either does not exist or that it has been produced.").

       If Defendants choose to stand on this objection, they must provide factual support for the assertion that, in spite of their relationship to CDCR, they do not have possession, custody or control of the requested documents. Defendants should also be mindful of the fact that they will be precluded from using the requested documents, or any documents of this kind, as evidence in support of summary judgment, in opposition to any of Plaintiff's positions, and in any way during trial. *See* Fed. R. Civ. P. 37(c)(1). Should Defendants stand on this objection and subsequently seek to use the requested documents or like documents, they must, at minimum, supplement their responses, and explain the method by which they obtained the documents. *Id*. Most importantly, they will also be required to demonstrate that the prior objection was taken in good faith given that they now have and seek to use the requested documents. *Id.* 26(e)(1).

       Accordingly, Plaintiff's motion to compel further response to his second request for production of documents is granted. Defendants are to provide further response within thirty

8

days from the date of service of this order.

## IV.     Third Motion To Compel Production Of Documents

Plaintiff filed his third motion to compel production of documents on August 12, 2010. (Doc. 44.) Defendants filed their opposition on August 24, 2010. (Doc. 47.) Plaintiff filed his reply on September 3, 2010. (Doc. 51.)

Plaintiff moves to compel the production of the following documents:

1) complete copies of any and all pages of Corcoran State Prison's Watch Office Sergeant's Logbook and Officer's Logbook, from September 12, 2007 at 2200 hours through September 13, 2007, at 1400 hours;

2) complete copies of any and all pages of Corcoran State Prison Facility 3A Medical Clinic's Logbook, beginning September 12, 2007 at 2200 hours through September 13, 2007 at 1400 hours;

3) complete copies of any and all pages of Corcoran State Prison Facility 3A Sergeant's Logbook, beginning September 12, 2007 at 2200 hours through September 13, 2007 at 1400 hours;

4) complete copies of any and all pages of Corcoran State Prison Investigative Services Unit Officer's, Sergeant's, and Lieutenant's Logbook beginning September 12, 2007 at 2200 hours through September 13, 2007 at 1400 hours;

5) complete copies of any and all pages of Corcoran State Prison John D. Klarich Memorial Hospital Emergency Room Logbook, beginning September 12, 2007 at 2200 hours through September 13, 2007 at 1400 hours;

6) complete copies of any and all pages of Corcoran State Prison Facility 3A, Housing Unit 01, Control Booth Officer's and Floor Officer's Logbook, beginning September 12, 2007 at 2200 hours through September 13, 2007 at 1400 hours;

7) complete copies of any and all pages of Corcoran State Prison Institutional Gang Investigation Officer's Logbook, beginning September 12, 2007 at 2200 hours through September 13, 2007 at 1400 hours;

8) complete copies of any and all pages of Corcoran State Prison Staff Sign-

1 In/Out Sheets ("FLSA/PPAS"), beginning September 12, 2007 at 2200 hours through September 13, 2007 at 1400 hours for Facility 3A, John D. Klarich Memorial Hospital, Investigative Services Unit, Institutional Gang Investigation Staff, and Watch Office Staff.

Defendants responded by stating that they did not have possession, custody, or control over the above requested documents. For the reasons stated previously regarding Plaintiff's second motion to compel the production of documents Defendants are to provide further response to Plaintiff's third request for production of documents within thirty days from the date of service of this order.

## V.    Conclusion And Order

Based on the foregoing, it is HEREBY ORDERED that:

1)   Plaintiff's first motion to compel production of documents, filed July 1, 2010, is GRANTED as stated herein;

2)   Plaintiff's motion to compel further response to interrogatories and admissions, filed July 9, 2010, is GRANTED as to Plaintiff's Interrogatories, and DENIED as to Plaintiff's Requests For Admission, as stated herein;

3)   Plaintiff's second motion to compel production of documents, filed August 12, 2010, is GRANTED as stated herein;

4)   Plaintiff's third motion to compel production of documents, filed August 12, 2010, is GRANTED as stated herein; and

5)   Defendants are to serve further response, as stated herein, within **thirty (30) days** from the date of service of this order.

IT IS SO ORDERED.

Dated:   **October 21, 2010**            /s/ **Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE