1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

EASTERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| 9  NICK WOODALL, | CASE NO. 1:08-CV-01948-OWW-DLB PC |
| 10              Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL PRODUCTION OF |
| 11       v. | DOCUMENTS WITHOUT PREJUDICE |
| 12  STATE OF CALIFORNIA, et al., | (DOCS. 42, 44) |
| 13              Defendants. | ORDER GRANTING PLAINTIFF LEAVE TO FILE MOTION FOR SUBPOENA DUCES |
| 14 | TECUM |
| 15 _____ / | PLAINTIFF'S MOTION DUE WITHIN TWENTY-ONE DAYS |
| 16 | |

17        Plaintiff Nick Woodall ("Plaintiff") is a prisoner in the custody of the California

18  Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

19  forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding

20  on Plaintiff's complaint, filed December 22, 2008, against Defendants T. Gonzalez, T. Lawson,

21  Olive, A. Raygosa, M. Sexton, and Valdez for violation of the Eighth Amendment. On July 1,

22  July 9, and August 12 of 2010, Plaintiff filed motions to compel.  Docs. 33, 34, 42, 44.  On

23  October 22, 2010, the Court granted in part and denied in part Plaintiff's motions, including

24  Plaintiff's second and third motions to compel production of documents.  Doc. 60.  The Court

25  ordered Defendants to submit a further response.

26         On November 15, 2010, Defendants filed further response regarding Plaintiff's request to

27  produce certain documents.  Doc. 61.  Plaintiff filed his response to Defendants' response on

28  December 2, 2010.  Doc. 64.

1

1  **I.      Defendants' Response**

2       Defendants object to the production of the following documents: "(a) any investigative

3  documents relating to the search of his cell on September 13, 2007; (b) a log pertaining to

4  Plaintiff's retention in a holding cell on September 13, 2007; (c) facility activity logs from

5  California State Prison–Corcoran (CSP–Corcoran); (d) medical clinic logbook entries from

6  CSP–Corcoran; (e) investigative services logbook entries from September 13, 2007; (f) staff sign

7  in/out sheets from CSP–Corcoran; and (g) in-service training logs pertaining to Defendants

8  training regarding Operational Procedure 241." Defs.' Resp. 3:18-24, Doc. 61. Defendants

9  contend that none of the Defendants as correctional officers have possession of the above

10  documents, and that Defendants' counsel also did not have possession. *Id.* at 3:25-4:8.

11       Defendants contend that it is overly burdensome to require Defendants' counsel to obtain

12  documents for Plaintiff as this would result in Defendants' counsel acting as Plaintiff's litigation

13  assistant. *Id.* at 7:18-8:8. Defendants contend that Plaintiff should move for a subpoena duces

14  tecum to obtain these documents. *Id.* at 8:11-12.

15       Plaintiff contends that Defendants should have the burden of production of these

16  documents because Defendants can readily obtain them. Doc. 64.

17       Having considered the parties' arguments, the Court finds that Defendants' further

18  response is sufficient. Defendants' counsel contends that Defendants as correctional officers do

19  not have ready access to the requested documents, and Defendants' counsel declares that he made

20  an inquiry regarding these documents, but does not have possession, custody, or control of them.

21  Accordingly, the Court will deny Plaintiff's second and third motions to compel production of

22  documents, without prejudice to Plaintiff filing a motion for subpoena duces tecum pursuant to

23  Federal Rules of Civil Procedure 34(c) and 45.[1]

24       Plaintiff will be granted additional time in which to file a motion for subpoena duces

25  tecum pertaining to Plaintiff's second and third motions to compel production of documents.

26

27       [1] The Court reminds Defendants that if they should proffer these documents later during the course of this

28  action, they will be required to supplement their responses to Plaintiff's discovery requests, and produce proof of the
method by which these documents were obtained. *See* Fed. R. Civ. P. 37(c)(1).

2

1   Plaintiff should list what specific documents he seeks produced in the motion for subpoena.  The

2   Court will adjudicate Plaintiff's motion and issue a subsequent order for the United States

3   Marshal to serve a subpoena upon the individual in possession of these documents.  It is unclear

4   who would have possession of these documents, thus the designated individual in this instance

5   will be the Warden of CSP-Corcoran or his designee.  Plaintiff will be granted twenty-one (21)

6   days from the date of service of this order in which to file his motion for subpoena duces tecum.

7   Failure to file a timely motion will result in Plaintiff waiving any further discovery.

8   **II.      Conclusion And Order**

9          Based on the foregoing, it is HEREBY ORDERED that:

10         1.      Plaintiff's second and third motions to compel production of documents, filed at

11                 court docket Nos. 42 and 44, are denied without prejudice;

12         2.      Plaintiff is GRANTED leave to file a motion for subpoena duces tecum as to

13                 Plaintiff's second and third motions to compel production of documents, as stated

14                 herein;

15         3.      Plaintiff's motion is to be filed within twenty-one (21) days from the date of

16                 service of this order; and

17         4.      Failure to file a timely motion for subpoena duces tecum will be construed as a

18                 waiver of any further discovery in this action.

19      IT IS SO ORDERED.

20   **Dated:   January 21, 2011**                    **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

                                              3