# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK WOODALL,<br><br>            Plaintiff,<br><br>     v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:08-CV-01948-OWW-DLB PC<br><br>ORDER DIRECTING SERVICE OF SUBPOENA DUCES TECUM BY UNITED STATES MARSHAL WITHOUT PREPAYMENT OF COST |

Plaintiff Nick Woodall ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed December 22, 2008, against Defendants T. Gonzalez, T. Lawson, Olive, A. Raygosa, M. Sexton, and Valdez for violation of the Eighth Amendment. On March 10, 2011, the Court issued an order granting Plaintiff's motions for the issuance of a subpoena duces tecum and providing notice to the parties that the Court intended after fifteen days to issue the subpoenas and direct the United States Marshal to effect personal service. Fed. R. Civ. P. 45; 28 U.S.C. § 1915(d).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk of Court shall forward the following documents to the United States Marshals Service:

///
///

A.   One (1) completed and issued subpoena duces tecum to be served on:

> **Raul Lopez, Associate Warden**
> **California State Prison at Corcoran**
> **4001 King Avenue**
> **Corcoran, CA 93212**

The Warden of California State Prison at Corcoran ("CSP-Cor") is directed to produce the following within thirty (30) days from the date of service of the subpoena:

(1)   The CSP-Cor Facility 3A Second Watch Facility Sergeant's Post Orders, current as of September 13, 2007.

(2)   The completed holding cell log relative to Plaintiff, dated September 13, 2007.

(3)   The CSP-Cor's In-Service-Training (IST) Signature sheet reflecting Defendants T. Gonzales, T. Lawson, A. Olive, A. Raygosa, and M. Sexton receiving training relative to Operational Procedure #241 (Holding Cell Procedure), prior to September 13, 2007.

(4)   The CSP-Cor Facility 3A Second Watch Daily Activity Log, dated September 13, 2007.

(5)   The complete and unredacted Crime/Incident Report (CDCR Form 837) Incident Package, relative to the investigation and resultant search of Plaintiff's cell by Investigative Services Unit (ISU) in Housing Unit 3A01, cell # 125.

(6)   Any and all documents, reports relative to the investigation which resulted in the searching of Plaintiff's cell in housing unit 3A01, cell #125, on September 13, 2007.

(7)   The CSP-Cor First Watch Activity Log, dated September 12, 2007 and September 13, 2007.

(8)   The CSP-Cor Second Watch Activity Log, dated September 13, 2007.

(9)   The CSP-Cor Investigative Services Unit First Watch Activity Log, dated September 12, 2007.

(10)  The CSP-Cor Investigative Services Unit First Watch Activity Log, dated September 13, 2007.

(11)  Complete copies of any and all pages of CSP-Cor's Watch Office Sergeant's Logbook, beginning September 12, 2007 at 2200 hours through September 13, 2007, 1400 hours.

(12)  Complete copies of any and all pages of CSP-Cor's Watch Office Officer's Logbook, beginning September 12, 2007 at 2200 hours through September 13, 2007, 1400 hours.

(13)  Complete copies of any and all pages of CSP-Cor's Facility 3A Medical Clinic's Logbook, beginning September 12, 2007 at 2200 hours through September 13, 2007, 1400 hours.

(14) Complete copies of any and all pages of CSP-Cor's Facility 3A Sergeant's Logbook, beginning September 12, 2007 at 2200 hours through September 13, 2007, 1400 hours.

(15) Complete copies of any and all pages of CSP-Cor's ISU Officer's Logbook, beginning September 12, 2007 at 2200 hours through September 13, 2007, 1400 hours.

(16) Complete copies of any and all pages of CSP-Cor's ISU Sergeant's Logbook, beginning September 12, 2007 at 2200 hours through September 13, 2007, 1400 hours.

(17) Complete copies of any and all pages of CSP-Cor's ISU Lieutenant's Logbook, beginning September 12, 2007 at 2200 hours through September 13, 2007, 1400 hours.

(18) Complete copies of any and all pages of CSP-Cor's John D. Klarich Memorial Hospital Emergency Logbook, beginning September 12, 2007 at 2200 hours through September 13, 2007, 1400 hours.

(19) Complete copies of any and all pages of CSP-Cor's Facility 3A, Housing Unit 01, Control Booth Officer's Logbook, beginning September 12, 2007 at 2200 hours through September 13, 2007, 1400 hours.

(20) Complete copies of any and all pages of CSP-Cor's Facility 3A, Housing Unit 01, Floor Officer's Logbook, beginning September 12, 2007 at 2200 hours through September 13, 2007, 1400 hours.

(21) Complete copies of any and all pages of CSP-Cor's Facility 3A Staff Sign-In/Out Sheets (a.k.a. "FLSA/PPAS"), beginning September 12, 2007 at 2200 hours through September 13, 2007, 1400 hours.

(22) Complete copies of any and all pages of CSP-Cor's John D. Klarich Memorial Hospital Staff Sign-In/Out Sheets (a.k.a. "FLSA/PPAS"), beginning September 12, 2007 at 2200 hours through September 13, 2007, 1400 hours.

(23) Complete copies of any and all pages of CSP-Cor's Institutional Gang Investigation (IGI) Officer's Logbook, beginning September 12, 2007 at 2200 hours through September 13, 2007, 1400 hours.

(24) Complete copies of any and all pages of CSP-Cor's ISU Staff Sign-In/Out Sheets (a.k.a. "FLSA/PPAS"), beginning September 12, 2007 at 2200 hours through September 13, 2007, 1400 hours.

(25) Complete copies of any and all pages of CSP-Cor's IGI Staff Sign-In/Out Sheets (a.k.a. "FLSA/PPAS"), beginning September 12, 2007 at 2200 hours through September 13, 2007, 1400 hours.

(26) Complete copies of any and all pages of CSP-Cor's Watch Office Staff Sign-In/Out Sheets (a.k.a. "FLSA/PPAS"), beginning September 12, 2007 at 2200 hours through September 13, 2007, 1400 hours.

B.  One (1) completed USM-285 form; and

C.  Two (2) copies of this order, one to accompany the subpoena, and one for the

      United States Marshals Service.

2. Within **twenty (20) days** from the date of this order, the Marshals Service is directed to serve the subpoena in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure.

3. The Marshals Service is directed to retain a copy of the subpoena in its file for future use.

4. The Marshals Service SHALL effect personal service of the subpoena duces tecum, along with a copy of this order, upon the entity in the subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

5. Within **ten (10) days** after personal service is effected, the Marshals Service shall file the return of service, along with the costs subsequently incurred in effecting service. Said Costs shall be enumerated on the USM-285 form.

IT IS SO ORDERED.

Dated:   **March 28, 2011**            /s/ **Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE