# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK WOODALL, | CASE NO. 1:08-CV-01948-OWW-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED, DEFENDANT RAYGOZA'S MOTION FOR SUMMARY JUDGMENT BE DENIED, AND DEFENDANTS LAWSON, SEXTON, OLIVE, AND GONZALEZ'S MOTION FOR SUMMARY JUDGMENT BE GRANTED (DOCS. 67, 79, 81) |
| v. | |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |
| | OBJECTIONS, IF ANY, DUE WITHIN EIGHTEEN (18) DAYS |

**Findings And Recommendations**

**I.     Background**

Plaintiff Nick Woodall ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's complaint against Defendants T. Gonzalez, T. Lawson, A. Olive, A. Raygoza, and M. Sexton for deliberate indifference in violation of the Eighth Amendment.  Pending before the Court is Plaintiff's motion for summary judgment, filed December 7, 2010, against Defendants Lawson, Sexton, and Olive.  Pl.'s Mot. Summ. J., Doc. 67.  Defendants filed their opposition on December 30, 2010.  Defs.' Opp'n, Doc. 72.  Plaintiff filed his reply on January 10, 2011.  Pl.'s Reply, Doc. 73.

Also pending are: Defendants T. Gonzalez, T. Lawson, A. Olive, and M. Sexton's motion for summary judgment, filed February 16, 2011, and Defendant A. Raygoza's motion for summary judgment, filed March 8, 2011.  Defs.' Mots. Summ. J., Docs. 79 and 81.  Plaintiff filed his opposition on March 11, 2011.[1]  Pl.'s Opp'n, Doc. 83.  Defendants did not file a reply.  The matters are submitted pursuant to Local Rule 230(l).

**II.     Summary Judgment Standard**

Summary judgment is appropriate when it is demonstrated that there exists no genuine dispute as to any material fact, and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"  *Id.* at 324.  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  *Id.* at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Id.*  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied."  *Id.* at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine dispute as to any material fact actually does exist. *Matsushita*

---

[1] Plaintiff was informed of the requirements for opposing a motion for summary judgment by a Court order on November 30, 2009.  Second Informational Order, Doc. 18; *see Klingele v. Eikenberry*, 849 F.2d 409, 411 (9th Cir. 1988).

2

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2002); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv.*, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting former Rule 56(e) advisory committee's note on 1963 amendments).

In resolving a motion for summary judgment, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, *Matsushita*, 475 U.S. at 587 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which an inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E. D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine dispute, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . .Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586-87 (citations omitted).

### III.   Statement Of Facts[2]

Plaintiff is a prisoner in the custody of the CDCR, and was incarcerated at California State Prison, Corcoran ("CSP-Cor"), where the events giving rise to this action occurred. Pl.'s Decl. ¶¶ 1,2, Doc. 74. Plaintiff was incarcerated at facility 3A at all times relevant to this action. *Id.* At all times relevant to this action, Defendant M. Sexton was a correctional lieutenant, responsible for extraction of the inmates from their cells. Sexton Decl. ¶¶ 1,4. Defendant T. Lawson was a correctional sergeant assigned to facility 3A. Lawson Decl. ¶ 1, 2. Defendant T. Gonzalez was a correctional sergeant at CSP-Cor, assigned to facility 3A on the day of the incident in question. Gonzalez Decl. ¶¶ 1, 2.  Defendant A. Olive was a correctional officer, assigned as floor officer to facility 3A. Olive Decl. ¶¶ 1,2. Defendant A. Raygoza was a correctional officer at CSP-Cor. Raygoza Decl. ¶ 1.

The incident in question occurred on September 13, 2007. Pl.'s Compl. 3. The investigative services unit ("ISU") was conducting a search of two cells that it thought may possess contraband. Sexton Decl. ¶ 2. Plaintiff was housed in one of these cells. *Id.* ¶ 3. At

---

[2] All facts are considered undisputed, unless otherwise noted. Pursuant to Local Rule 260(b) and Federal Rule of Civil Procedure 56(e), all disputes with the movant's statement of facts must be supported with citation to evidence. *See* L. R. 260(b) (parties opposing Statement of Undisputed Facts shall deny those that are disputed, "including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon in support of that denial"). Both parties have complied with this requirement.

Plaintiff's verified complaint may be treated as an opposing affidavit to the extent that it is verified and sets forth admissible facts (1) within Plaintiff's personal knowledge and not based merely on Plaintiff's belief and (2) to which Plaintiff is competent to testify. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004); *Johnson v. Meltzer*, 134 F.3d 1393, 1399-1400 (9th Cir. 1998); *McElyea v. Babbitt*, 833 F.2d 196, 197-98 (9th Cir. 1987); *Lew v. Kona Hosp.*, 754 F.2d 1420, 1423 (9th Cir. 1985). The Court will consider only those facts and evidence that are relevant to resolving the parties' motions for summary judgment.

4

approximately 4:00 a.m., Plaintiff was extracted from his cell, and his hands were placed in mechanical restraints behind his back. Jeffrey Inglett Decl. ¶ 1.[3] Plaintiff was then secured in a holding cage. *Id.*; Sexton Decl. ¶ 5. Plaintiff remained handcuffed behind his back until approximately 6:45 a.m. Pl.'s Compl. 11.

### A.  **Plaintiff's Motion**

Plaintiff contends that he informed Defendant T. Lawson of excruciating pain in his left shoulder because of his medical condition, coupled with being handcuffed behind his back.  Pl.'s Decl. ¶ 3.  Plaintiff claims that he pleaded with Defendant Lawson to respond to his complaints of pain and to remove the handcuffs from behind his back.  Plaintiff contends that Defendant A. Olive was also notified that Plaintiff was experiencing excruciating pain, but Defendant Olive failed to reasonably respond.  *Id.* ¶ 5.  Plaintiff contends that Defendant Sexton was informed by Defendant Lawson of Plaintiff's problems with being handcuffed behind his back, but failed to do anything.  Inglett Decl. ¶ 6.

Defendant Lawson contends that he did not have the authority to remove Plaintiff's handcuffs.  Lawson Decl. ¶ 8.  Defendant Lawson claims that Plaintiff told Defendant Lawson that he was feeling discomfort only, and did not request medical assistance.  *Id.* ¶¶ 6,7. Defendant Olive contends that Plaintiff said he was experiencing discomfort, not excruciating pain, and was never informed of any pre-existing medical conditions.  Olive Decl. ¶¶ 7, 8, 9.  Defendant Sexton contends that he was never informed that any inmates had a medical condition that prevented them from being handcuffed behind his back.  Sexton Decl. ¶ 8.

### B.  **Defendants' Motion**

Defendants contend the following.  After Plaintiff was extracted from his cell, while he was in the holding cage in the medical office, Plaintiff told Defendant Lawson that he was feeling discomfort from being held in handcuffs.  Lawson Decl. ¶ 6.  Plaintiff did not request medical assistance.  *Id.* ¶ 7.  Defendant Lawson was not in charge of Plaintiff's custody and did

---

[3]  Jeffrey Inglett was Plaintiff's cell mate on the date in question. Mem. P. & A., Ex. III, Doc. 68.

5

1  not have authority to remove Plaintiff's handcuffs. *Id.* ¶ 9. Defendant Lawson contacted
2  Defendant Sexton's office about Plaintiff's complaint of discomfort and Plaintiff's request to
3  have his handcuffs removed. *Id.* ¶ 10; Sexton Decl. ¶ 6. Defendant Sexton knew that the
4  extracted inmates were under suspicion of being in possession of contraband and that they had
5  not yet undergone a full unclothed body search. Sexton Decl. ¶ 10. Defendant Sexton told
6  Defendant Lawson, through an intermediary, that the inmates could have their handcuffs
7  removed after they had been fully searched. *Id.* ¶ 11. Defendant Sexton was unaware that
8  Plaintiff had a preexisting medical condition that prevented Plaintiff from being handcuffed
9  behind his back. *Id.* ¶ 9. Defendant Lawson was told by the intermediary that ISU staff would
10 be arriving within minutes to conduct a full unclothed body search of the extracted inmates.
11 Lawson Decl. ¶ 10.
12     Knowing that Plaintiff's complaints were not severe and that Plaintiff's handcuffs would
13 soon be removed, Defendant Lawson left the medical clinic. *Id.* At around 6 a.m., Defendant
14 Olive, a floor officer assigned to facility 3A, was ordered by his supervisor to escort Plaintiff
15 from the medical office to a holding cell in the facility 3A program office. Olive Decl. ¶ 3.
16 Defendant Olive placed Plaintiff into the program office holding cell and tended to other matters.
17 *Id.* ¶ 5.
18     Approximately twenty minutes later, Plaintiff told Defendant Olive that he was
19 experiencing discomfort from his handcuffs. *Id.* ¶¶ 6, 7. Plaintiff did not request medical
20 assistance, nor did he appear to Defendant Olive to be in severe pain. *Id.* ¶ 8. Defendant Olive
21 contacted a supervisor and told the supervisor of Plaintiff's concerns because as a correctional
22 officer, Defendant Olive did not have the authority to take off an inmate's handcuffs without
23 approval from a supervisor. *Id.* ¶¶ 10, 11. Within thirty minutes, Olive was ordered by his
24 supervisor to take off Plaintiff's handcuffs. *Id.* ¶ 12.
25     Though Defendant Gonzalez does not remember Plaintiff complaining of pain on
26 September 13, 2007, if an inmate in a holding cage complains of pain, it is Defendant Gonzalez's
27 custom and practice to relay those complaints to the supervisor in charge of that inmate's
28 custody. Gonzalez Decl. ¶¶ 5, 7. While Defendant Raygoza does not remember Plaintiff

6

1  complaining of pain on September 13, 2007, it is Defendant Raygoza's custom and practice to
2  relay inmate complaints to the supervisor in charge of that inmate's custody. Raygoza Decl. ¶¶ 2,
3  4.
4        Plaintiff contends the following. Plaintiff informed Defendant Raygoza at approximately
5  5:00 a.m. that Plaintiff had a medical condition, was experiencing pain in his shoulder, and
6  needed the handcuffs removed. Pl.'s Decl. ¶ 5, Doc. 84. Defendant Raygoza ignored his pleas.
7  *Id.* ¶ 6. Plaintiff informed Defendant Lawson at approximately 5:15 a.m. that he was
8  experiencing pain and that he had a medical problem with his shoulder and was experiencing
9  excruciating pain. *Id.* ¶ 8. Defendant Lawson stated that he would contact ISU staff to request
10 their approval. *Id.* ¶ 9. He returned and informed Plaintiff that Defendant Sexton had denied the
11 request, and that Plaintiff must remain behind his back. *Id.* ¶ 10. Plaintiff informed Defendant
12 Olive at approximately 6:05 a.m. that he was in excruciating pain in his shoulder as a result of
13 the lengthy time that he had been handcuffed behind his back. *Id.* ¶ 12. Defendant Olive
14 responded by stating there was nothing he could do, but would inform the sergeant. *Id.* ¶ 13.
15 Plaintiff informed Defendant Gonzalez at approximately 6:20 a.m. that he was experiencing
16 terrible pain in his shoulder from being handcuffed behind his back for a lengthy period of time.
17 *Id.* ¶ 15. Defendant Gonzalez returned at 6:40 a.m. with Defendant Olive, and ordered
18 Defendant Olive to escort Plaintiff to another holding cage. *Id.* ¶¶ 16, 17. Plaintiff was finally
19 uncuffed at 6:45 a.m. *Id.* ¶ 18.
20 **III.**   **Analysis**
21     **A.**   **Eighth Amendment**
22       To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison
23 conditions must involve "the wanton and unnecessary infliction of pain . . . ." *Rhodes v.*
24 *Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh,
25 prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and
26 personal safety. *Id.*; *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v.*
27 *Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from
28 unsafe conditions of confinement, prison officials may be held liable only if they acted with

1  "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124,
2  1128 (9th Cir. 1998).
3       The deliberate indifference standard involves an objective and a subjective prong. First,
4  the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer v.*
5  *Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second,
6  the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . .
7  . ." *Id.* at 837. Thus, a prison official may be held liable under the Eighth Amendment for
8  denying humane conditions of confinement only if he knows that inmates face a substantial risk
9  of harm and disregards that risk by failing to take reasonable measures to abate it. *Id.* at 837-45.
10 Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk,
11 or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. *Id.* at 844-45.
12 Mere negligence on the part of the prison official is not sufficient to establish liability, but rather,
13 the official's conduct must have been wanton. *Id.* at 835; *Frost*, 152 F.3d at 1128.

14       **B.     Plaintiff's Motion**

15       Plaintiff contends that he is entitled to summary judgment as a matter of law because
16 Defendants Lawson, Sexton, and Olive clearly knew of and disregarded an excessive risk to
17 Plaintiff's health. Pl.'s Mem. Support Mot. Summ. J. 7:23-14:4, Doc. 68. Based on the
18 submitted evidence, and construing the facts in the light most favorable to the non-moving party,
19 in this instance, the Defendants, Plaintiff's motion should be denied.
20       Defendants Lawson, Sexton, and Olive all contend that they were not informed by
21 Plaintiff that he had a serious medical condition. Defendants Lawson and Olive contend that
22 Plaintiff told them only that he had discomfort, not excruciating pain. Lawson Decl., Doc. 72-2;
23 Olive Decl., Doc. 72-3. Defendant Sexton contends that he was informed only that an inmate
24 was experiencing discomfort. Sexton Decl., Doc. 72-4. Thus, there remains a genuine dispute of
25 material fact as to whether Defendants actually knew of and disregarded an excessive risk of
26 serious harm to Plaintiff's health. Summary judgment should not be granted in favor of Plaintiff,
27 and Plaintiff's motion should be denied.
28 ///

### C. Defendants' Motion

Defendants contend that they are entitled to summary judgment as a matter of law. The Court will examine the claims against each Defendant separately.

#### 1. Defendant Lawson

Defendant Lawson contends that he did everything he reasonably could to assist Plaintiff. Defs.' Mem. P. & A. Support Mot. Summ. J. 4:25-26, Doc. 79-1; Def. Lawson Decl. ¶¶ 6-11, Doc. 79-4. Construing the facts in the light most favorable to Plaintiff as the non-moving party, Plaintiff had informed Defendant Lawson of his medical condition and pain, and requested that the handcuffs be removed. Pl.'s Decl. ¶¶ 7-10, Doc. 84. Defendant Lawson lacked the authority to remove Plaintiff's handcuffs on his own. Lawson Decl. ¶ 8, Doc. 79-4. Defendant Lawson then consulted Defendant Sexton, who informed him through an intermediary that ISU staff would be arriving within minutes to conduct a full unclothed body search of the extracted inmates. *Id.* ¶ 9, 10. Plaintiff would then be uncuffed. *Id.* Having received that information, Defendant Lawson then left the area. *Id.* ¶ 11. Defendant Lawson's actions were reasonable under the circumstances, and do not demonstrate deliberate indifference. *Farmer*, 511 U.S. at 844-45. Defendant Lawson reasonably concluded that Plaintiff's pain because of being handcuffed behind his back would be resolved shortly. Defendant Lawson thus did not disregard an excessive risk of serious harm to Plaintiff's health. *Id.* at 837. There is no genuine dispute of material fact as to Plaintiff's claims against Defendant Lawson. Summary judgment should be granted in favor of Defendant Lawson.

#### 2. Defendant Sexton

Defendant Sexton contends that he kept Plaintiff in the handcuffs because he was not aware that Plaintiff had severe pain from being handcuffed. Defs.' Mem. P. & A. Support Mot. Summ. J. 4:26-5:2, Doc. 79-1; Sexton Decl. ¶¶ 9-14, Doc. 79-5. Construing the facts in the light most favorable to Plaintiff as the non-moving party, Plaintiff had informed Defendant Lawson of his medical condition and pain, and requested that the handcuffs be removed. Pl.'s Decl. ¶ 7-10, Doc. 84. Defendant Lawson then informed Defendant Sexton through an intermediary that Plaintiff was experiencing discomfort. Sexton Decl. ¶¶ 7-8. Defendant Sexton was unaware that

9

Plaintiff had any preexisting medical conditions or was experiencing excruciating pain. *Id.* ¶ 9. Defendant Sexton thus lacked knowledge of a serious risk to Plaintiff's health. *Farmer*, 511 U.S. at 837. There is no genuine dispute of material fact as to Plaintiff's Eighth Amendment claim against Defendant Sexton, and summary judgment should be granted in his favor.

### 3.    **Defendant Olive**

Defendant Olive contends that he did everything he reasonably could to assist Plaintiff. Defs.' Mem. P. & A. Support Mot. Summ. J. 4:25-26, Doc. 79-1; Olive Decl. ¶¶ 3-12, Doc. 79-3. Construing the facts in the light most favorable to Plaintiff as the non-moving party, Plaintiff informed Defendant Olive of his medical condition and pain, and requested that the handcuffs be removed. Pl.'s Decl. ¶¶ 11-13, Doc. 84. Defendant Olive did not have the authority to remove Plaintiff's handcuffs. Defendant Olive did contact a supervisor regarding Plaintiff's concerns. Defendant Olive returned thirty minutes later, and removed Plaintiff's handcuffs. Pl.'s Decl. ¶¶ 16, 18. Defendant Olive's actions were reasonable under the circumstances, and do not demonstrate deliberate indifference *Farmer*, 511 U.S. at 844-45. The undisputed facts indicate that Defendant Olive did not disregard an excessive risk of serious harm to Plaintiff. *Farmer*, 511 U.S. at 837. There is no genuine dispute of material fact as to Plaintiff's Eighth Amendment claim against Defendant Olive. Summary judgment should be granted in his favor.

### 4.    **Defendant Gonzalez**

Defendant Gonzalez contends that he did not remember conversing with Plaintiff, but he would generally relay a prisoner's complaints of pain to a supervisor if he was told. Defs.' Mem. P. & A. Support Mot. Summ. J. 5:3-7, Doc. 79-1; Gonzalez Decl. ¶¶ 5-7, Doc. 79-6. Construing the facts in the light most favorable to Plaintiff as the non-moving party, Plaintiff informed Defendant Gonzalez of his medical condition and pain, and requested that the handcuffs be removed. Pl.'s Decl. ¶¶ 14, 15, Doc. 84. Defendant Gonzalez returned twenty minutes later with Defendant Olive, and ordered Defendant Olive to escort Plaintiff to a holding cage. *Id.* ¶ 16. Five minutes later, Plaintiff's handcuffs were removed. *Id.* ¶ 18. Defendant Gonzalez's actions were reasonable under the circumstances, and do not demonstrate deliberate indifference. *Farmer*, 511 U.S. at 844-45. The undisputed facts indicate that Defendant Gonzalez did not

disregard an excessive risk of serious harm to Plaintiff. *Farmer*, 511 U.S. at 837. There is no genuine dispute of material fact as to Plaintiff's Eighth Amendment claim against Defendant Gonzalez, and summary judgment should be granted in his favor.

### 5. Defendant Raygoza

Defendant Raygoza contends that he does not recall conversing with Plaintiff, and that there is no evidence that he did not take action by relaying Plaintiff's concerns. Def. Raygoza Mem. P. & A. Support Mot. Summ. J. 3:24-4:2, Doc. 81-1; Raygoza Decl. ¶¶ 2-4. Construing the facts in the light most favorable to Plaintiff as the non-moving party, Plaintiff informed Defendant Raygoza of his medical condition and pain, and requested that the handcuffs be removed. Pl.'s Decl. ¶¶ 4-5, Doc. 84. Defendant Raygoza did nothing. *Id.* ¶ 6. There is a genuine dispute of material fact as to Plaintiff's Eighth Amendment claim against Defendant Raygoza. The undisputed facts, construed in the light most favorable to Plaintiff as the non-moving party, are sufficient to indicate that Defendant Raygoza knew of and disregarded an excessive risk of serious harm to Plaintiff. Summary judgment should not be granted in favor of Defendant Raygoza.

### D. Qualified Immunity

Defendants also contend they are entitled to qualified immunity. Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In ruling upon the issue of qualified immunity, one inquiry is whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the defendant's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part by Pearson v. Callahan*, 129 S. Ct. 808, 813 (2009) ("*Saucier* procedure should not be regarded as an inflexible requirement"). The other inquiry is whether the right was clearly established. *Saucier*, 533 U.S. at 201. The inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition . . . ." *Id.* "[T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently

clear that a reasonable official would understand that what he is doing violates that right." *Id.* at 202 (citation omitted). In resolving these issues, the court must view the evidence in the light most favorable to plaintiff and resolve all material factual disputes in favor of plaintiff. *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Because the Court finds that Defendants Lawson, Sexton, Olive, and Gonzalez are entitled to summary judgment as to Plaintiff's Eighth Amendment claims, the Court declines to address their arguments regarding qualified immunity.

The Court finds that Defendant Raygoza is not entitled to qualified immunity. Viewing the evidence in the light most favorable to Plaintiff, Plaintiff informed Defendant Raygoza of his medical condition and tremendous pain from being handcuffed behind his back. Defendant Raygoza did nothing. Plaintiff alleges facts which would show that Defendant Raygoza's conduct violated Plaintiff's Eighth Amendment rights. The right to be free from deliberate indifference is clearly established. *Farmer*, 511 U.S. at 834, 837.

**IV.    Conclusion And Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment, filed December 7, 2010, be DENIED;
2. Defendants T. Gonzalez, T. Lawson, A. Olive, and M. Sexton's motion for summary judgment, filed February 16, 2011, be GRANTED;
3. Summary judgment be granted for Defendants T. Gonzalez, T. Lawson, A. Olive, and M. Sexton and against Plaintiff;
4. Defendants T. Gonzalez, T. Lawson, A. Olive, and M. Sexton be dismissed from this action;
5. Defendant Raygoza's motion for summary judgment, filed March 8, 2011, be DENIED; and
6. This action be set for trial as to Defendant Raygoza.

These Findings and Recommendations will be submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **eighteen (18) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

    IT IS SO ORDERED.

    Dated:  **August 1, 2011**          /s/ **Dennis L. Beck**
                                                                             UNITED STATES MAGISTRATE JUDGE