# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK WOODALL, | CASE NO. 1:08-CV-01948-LJO-DLB PC |
|     Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND REQUIRING NON-PARTY ACTING WARDEN OF CORCORAN STATE PRISON TO SERVE FURTHER RESPONSE (DOC. 96) |
|     v. | |
| STATE OF CALIFORNIA, et al., | |
|     Defendants. | RESPONSE DUE WITHIN TWENTY-ONE DAYS |
| _____/ | |

    Plaintiff Nick Woodall ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendant A. Raygoza for deliberate indifference in violation of the Eighth Amendment.[1] On March 30, 2011, the Court directed service of Plaintiff's subpoena duces tecum by the United States Marshal on then warden Raul Lopez of California State Prison at Corcoran ("CSP-Cor").[2]

    On April 25, 2011, the subpoena was returned executed. Pending before the Court is Plaintiff's motion to compel, filed July 29, 2011. Doc. 96. Plaintiff contends that he did not receive any of the documents requested in his subpoena duces tecum. Plaintiff requests that the

---

[1] Defendants Olive, Sexton, Gonzalez, and Lawson were dismissed from the action on September 9, 2011. Docs. 97, 99.

[2] Raul Lopez was acting warden at the time the order was issued.

Court hold Mr. Lopez in contempt and impose sanctions pursuant to Rule 45 of the Federal Rules of Civil Procedure.

A review of the Court's records indicates that the acting warden submitted documents requested in the subpoena duces tecum to the Court. The Court, however, did not request these documents. On September 9, 2011, the Court ordered the acting warden to file a response to Plaintiff's motion to compel. Doc. 98.

On September 23, 2011, the acting warden responded, stating that the documents were sent to the Court, and not to the Plaintiff, inadvertently. Doc. 100. The acting warden attached a copy of the produced documents to his response. *Id.* On October 3, 2011, Plaintiff filed his reply to the acting warden's response. Doc. 101. Plaintiff contends that the acting warden still has not fully complied with the Court's subpoena duces tecum as seventeen of the twenty-six requested documents were not produced. Pl.'s Reply 2-5. Plaintiff requests sanctions be imposed on acting warden Lopez for contempt of court. *Id.* at 5-6.

A review of the attached documents indicates that the acting warden did not fully comply with the subpoena duces tecum.[3] "The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(e). The Court declines to issue a sanction for non-compliance with the subpoena duces tecum until after the issuance of an order commanding compliance. *See Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983) (finding corporation subject to subpoena could not be sanctioned in absence of enforcement order). The Court will thus by this order require the acting warden to comply with the subpoena duces tecum or provide an objection or adequate excuse as

---

[3] Documents that do not appear to have been produced include a complete crime/incident report (CDC form 837) from Investigative Services Unit when investigating and searching Plaintiff's cell, or the in-service training signature sheet regarding Operational Procedure 241. It is unclear to what extent the acting warden did not produce documents. Based on the submitted documents, the acting warden produced: the emergency room register for September 12 and 13 of 2007; the incident logs for September 12 and 13 from the first and second watch; post orders for the Facility III A Facility Sergeant; some daily logs for September 12 and 13 by unknown authors; and custody sign-in/out sheets for September 13 watch 1 and 2. Contrary to Plaintiff's contention that the sign-in/out sheets did not include ISU staff, the sign-in/out sheets appears to include the entire Facility 3A, IGI, and ISU staff for September 13.

to why he cannot.  If the acting warden fails to comply, he may be subject to a subsequent finding of contempt.

Accordingly, it is HEREBY ORDERED that

1. Plaintiff's motion to compel, filed July 29, 2011, is GRANTED;

2. Acting warden R. Lopez is to serve on Plaintiff additional responses to Plaintiff's subpoena duces tecum within **twenty-one (21)** days from the date of service of this order, as stated herein;

3. Failure to comply with the subpoena or to provide adequate excuse for failing to obey may result in the acting warden being held in contempt.

IT IS SO ORDERED.

Dated:   **November 2, 2011**              /s/ Dennis L. Beck
                                          UNITED STATES MAGISTRATE JUDGE

3