# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK WOODALL, | CASE NO. 1:08-cv-01948-LJO-DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |
| v. | (DOC. 107) |
| A. RAYGOZA, | |
| Defendant. | |

Plaintiff Nick Woodall ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed December 22, 2008, against Defendant A. Raygosa for violation of the Eighth Amendment.

On February 21, 2012, Plaintiff filed a motion to compel acting warden R. Lopez, a non-party to this action, to comply with a subpoena duces tecum, and moved for sanctions. Doc. 107. Acting warden Lopez filed an opposition on March 6, 2012.[1] Doc. 109. On March 16, 2012, Plaintiff filed his reply. Doc. 111. The matter is submitted pursuant to Local Rule 230(l).

On March 30, 2011 the Court issued a subpoena duces tecum to be served on acting warden Raul Lopez at Corcoran State Prison for the production of documents. Doc. 88. On July 29, 2011, Plaintiff filed a motion to compel warden Lopez to comply with the subpoena duces

---

[1] Acting warden Lopez is represented in this matter by Defendant's counsel.

1

1  tecum. The Court granted Plaintiff's July 29, 2011 motion to compel on November 3, 2011.
2  Doc. 103. Warden Lopez was ordered to provide further response to Plaintiff's subpoena duces
3  tecum as to seventeen requested documents.
4        Plaintiff now contends that warden Lopez provided only one additional response, and
5  attached a declaration of no records as to the remaining responses. Pl.'s Mot. 2:11-24. Plaintiff
6  complains that the declaration was unsigned. *Id.* Plaintiff contends that sanctions should be
7  imposed for warden Lopez's contempt of court. *Id.*
8        Warden Lopez contends that he fully complied with the Court's November 3, 2011 order.
9   Opp'n 3:19-4:7. Warden Lopez contends that he responded to Plaintiff's twenty-six discovery
10 requests, providing further response to each. *Id.* Warden Lopez in opposition submits a
11 declaration from counsel and litigation coordinator Mary Kimbrell. Opp'n, Irby Decl., Kimbrell
12 Decl. Both attest that a supplemental response, the CSP-COR 3A01 Log Book had been
13 produced as a supplemental response to Plaintiff's subpoena duces tecum. Irby Decl. ¶ 2;
14 Kimbrell Decl. ¶ 4. Litigation coordinator Kimbrell also submitted a declaration attesting to
15 either the non-existence or the inability to locate certain documents. The previous declaration
16 was unsigned, but a later, signed copy was included with the opposition. Kimbrell Decl., Exs. A
17 and B.
18       Plaintiff contends that Request No. 2, the holding cell log, should have been kept
19 pursuant to the Department Operations Manual. Pl.'s Reply 2-3. Plaintiff contends that Request
20 No. 5, a complete and unredacted crime/incident report package should exist. *Id.* at 3. Plaintiff
21 contends that Requests Nos. 13 and 14, Facility 3A sergeant's logbook and Facility 3A medical
22 clinic's logbook from September 12 to September 13, 2007, exist because he observed similar
23 documents as a clerk to the facility captain. *Id.* at 3-4.
24       The Court does not find cause to grant Plaintiff's motion. Litigation coordinator
25 Kimbrell submitted a declaration under penalty of perjury that the requested documents which
26 were not produced could not be found, or did not exist. The Court does not find reason to doubt
27 Kimbrell's declaration. Plaintiff's insistence that these documents should exist or that he has
28 seen similar documents is not sufficient to compel further response. All parties subject to a

subpoena duces tecum are under an obligation to respond, absent an adequate excuse. *See* Fed. R. Civ. P. 45(e). An adequate excuse to not obey the subpoena would include the inability to locate responsive documents. Because warden Lopez has provided an adequate excuse to not respond to Plaintiff's sixteen requests for production of documents, no sanctions will be imposed.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion to compel, filed February 21, 2012, is denied.

IT IS SO ORDERED.

Dated:   **March 29, 2012**                            /s/ **Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE