# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK WOODALL,<br><br>                    Plaintiff,<br><br>     v.<br><br>A. RAYGOSA,<br><br>                    Defendant.<br>_____/ | CASE NO. 1:08-cv-01948-LJO-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COURT ORDER<br><br>(DOC. 130) |

     Plaintiff Nick Woodall ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabiliation. Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendant A. Raygosa for deliberate indifference in violation of the Eighth Amendment. The matter is set for jury trial before the undersigned on May 22, 2012. On April 27, 2012, Plaintiff filed a motion requesting that the Court order prison officials at California Substance Abuse Treatment Facility ("SATF"), where Plaintiff is currently housed, to release Plaintiff's funds for witness fees. The deadline to submit the funds to the Court was April 25, 2012. The Court will construe the motion as one for preliminary injunction.

     Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471(1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter

1  jurisdiction over the claim; it may not attempt to determine the rights of persons not before the
2  court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1983).
3        This action proceeds against Defendant A. Raygosa, a correctional officer at Corcoran
4  State Prison.  SATF and SATF prison officials are not parties to this action.  The Court lacks
5  jurisdiction to direct persons or entities not before the Court.
6        Accordingly, it is HEREBY ORDERED that Plaintiff's motion, construed as a motion for
7  preliminary injunction, is denied.
8  IT IS SO ORDERED.
9  **Dated:   May 7, 2012**                          /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE