# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK WOODALL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. RAYGOZA,<br><br>　　　　　Defendant.<br>_____/ | CASE NO. 1:08-cv-01948-LJO-DLB PC<br><br>**ORDER ON DEFENDANT'S MOTIONS IN LIMINE**<br><br>(DOCS. 127, 128, 129) |

Plaintiff Nick Woodall ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This case is proceeding against Defendant A. Raygoza for deliberate indifference in violation of the Eighth Amendment. This matter is set for jury trial on May 22, 2012.

On April 24, 2012, Defendant filed three motions in limine. Plaintiff filed his opposition on May 10, 2012. Defendant filed his reply on May 15, 2012. The matter is submitted pursuant to Local Rule 230(l).

**I.    Motion In Limine No. 1**

Defendant Raygoza moves this Court for an order precluding any and all testimony, reference to testimony, or argument relating to the testimony at trial of any lay witness, including but not limited to Plaintiff, relating to the issue of diagnosis, causation, or prognosis of Plaintiff's alleged injuries caused by Defendant.

Plaintiff contends that the medical documents were previously admitted by Defendant as authentic. Plaintiff does not intend to provide opinions. He intends to introduce the documents as proof of his medical condition both before and after the incident. With regards to actual testimony,

1

1  Plaintiff contends that T. Lawson, Jeffrey Inglett, and Plaintiff can all testify with regards to
2  Plaintiff's statement that he has pain in his shoulder from being handcuffed.
3  **Ruling:** The motion is granted. Plaintiff cannot testify as to the cause of the pain if it requires
4  providing expert testimony.
5  **II.     Motion In Limine No. 2**
6  Defendant Raygoza moves this Court for an order, under Federal Rule of Evidence 615,
7  restricting all of Plaintiff's non-party witnesses from entering the courtroom until called to testify.
8  The motion is based upon the ground that Defendant anticipates that Plaintiff's witnesses will be
9  testifying on similar matters, and therefore allowing one witness to hear the questions and
10 answers of another will undermine Defendant's cross-examination of the witnesses.
11 Plaintiff files no opposition.
12 **Ruling:** The motion is granted.
13 **III.    Motion In Limine No. 3**
14 Defendants move to exclude the following exhibits as evidence.
15 **Exhibit No. 1** – Plaintiff's Clemency Application, with Declaration of Rehabilitation, Signed by
16 T. Lawson and 94 Other CSP-COR Staff.
17 Defendant moves for exclusion contending that 1) the document is not relevant to any issue
18 in this case, 2) it contains multiple levels of hearsay, 3) the probative value is substantially
19 outweighed by the danger of undue prejudice, confusion of the issues, misleading or unfairly
20 inflaming the passions of the jury, or by considerations of undue delay, waste of time, or needless
21 presentation of cumulative evidence, and 4) the exhibit appears to be improper character evidence.
22 Plaintiff contends that it is relevant and bears on the truthfulness of Plaintiff. Plaintiff
23 contends it may be needed to attack the credibility of a witness, and that evidence of character is
24 central to the action. Plaintiff contends that witnesses can authenticate their own signature.
25 **Ruling:** Exhibit precluded on hearsay grounds. Plaintiff may use the exhibit for impeachment
26 to the extent that a witness denies authoring it.
27 **Exhibit No. 2** — Murderer Apologizes Newspaper Article, Dated 7/13/07.
28 Defendant moves for exclusion contending that 1) the document is not relevant to any issue

1  in this case, 2) it contains multiple levels of hearsay, 3) the probative value is substantially
2  outweighed by the danger of undue prejudice, confusion of the issues, misleading or unfairly
3  inflaming the passions of the jury, or by considerations of undue delay, waste of time, or needless
4  presentation of cumulative evidence, and 4) the exhibit appears to be improper character evidence.

5  Plaintiff filed no opposition here.

6  **Ruling:** Exhibit precluded on hearsay grounds.

7  **Exhibit No. 3**—Laudatory Chronos Authored by CSP-COR Staff R. Borges, E. Crain, F.P. Field,
8  III, B. J. Weaver, C. Arzola, M. T. Cisneros, S. Grandy, B. Cooke, G. Rangel, S. Escamilla.

9  Defendant moves for exclusion contending that 1) the document is not relevant to any issue
10 in this case, 2) it contains multiple levels of hearsay, 3) the probative value is substantially
11 outweighed by the danger of undue prejudice, confusion of the issues, misleading or unfairly
12 inflaming the passions of the jury, or by considerations of undue delay, waste of time, or needless
13 presentation of cumulative evidence, and 4) the exhibit appears to be improper character evidence.

14 Plaintiff contends it is relevant as to witness F. P. Field who authored one of the chronos, and
15 relevant to Plaintiff's character. Plaintiff contends it may be needed to attack credibility of witness,
16 and that evidence of character is central to action.

17 **Ruling:** Exhibit precluded on hearsay grounds. Plaintiff may use the exhibit for impeachment
18        to the extent that a witness denies authoring it.

19 **Exhibit No. 4**—29 Work Supervisor Reports, CDC 101.

20 Defendant moves for exclusion contending that 1) the document is not relevant to any issue
21 in this case, 2) it contains multiple levels of hearsay, 3) the probative value is substantially
22 outweighed by the danger of undue prejudice, confusion of the issues, misleading or unfairly
23 inflaming the passions of the jury, or by considerations of undue delay, waste of time, or needless
24 presentation of cumulative evidence, and 4) the exhibit appears to be improper character evidence.

25 Plaintiff contends it is relevant as to witness F. P. Field, who signed 2-work supervisor
26 reports (CDC-101), and relevant to Plaintiff's character. Plaintiff contends it may be needed to
27 attack the credibility of a witness, and that evidence of character is central to action.

28 **Ruling:** Exhibit precluded on hearsay grounds. Plaintiff may use the exhibit for impeachment

to the extent that a witness denies it, if that witness signed the report.

**Exhibit No. 13**—Inglett's Medical Report of Injury or Unusual Occurrence, CDC 7219.

Defendant objects because 1) the medical report memorializes alleged injuries sustained by a non-party, 2) it is not relevant, 3) contains multiple layers of hearsay, 4) the probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, misleading or unfairly inflaming the passions of the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence, 5) the exhibit lacks proper foundation and authentication, and 6) the exhibit contains scientific, technical, or specialized evidence that requires explanation by qualified medical expert, and the Court has precluded Plaintiff from proffering expert medical testimony at trial.

Plaintiff contends that it is relevant to show: 1) the examination was cursory, and 2) reflects time and place of examination, namely that Inglett was in the clinic at the time attested. Plaintiff may also need to rebut an attack on witness's credibility with document.

**Ruling:** Exhibit precluded on hearsay grounds.

**Exhibit No. 15**—Physician's Orders, Waist Chain Chrono, Refer to Ortho 5/20/05.

Defendant objects because 1) it refers to events that pre-date the alleged facts and circumstances resulting in this lawsuit, 2) it is not relevant, 3) contains multiple layers of hearsay, 4) the probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, misleading or unfairly inflaming the passions of the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence, 5) the exhibit lacks proper foundation and authentication, and 6) the exhibit contains scientific, technical, or specialized evidence that requires explanation by qualified medical expert, and the Court has precluded Plaintiff from proffering expert medical testimony at trial.

Plaintiff contends that it is relevant, as it bears directly on the sufficiently serious requirement of a deliberate indifference cause of action. It also demonstrates an existing serious medical condition at the time of the incident. Plaintiff contends that probative value outweighs the danger of undue prejudice. Additionally, it was authenticated because Defendant Raygosa admitted to the

1  genuineness of these exhibits through discovery.[1]

2  **Ruling:**     Exhibit precluded on hearsay grounds.  Plaintiff may testify as to receiving a waist
3              chain chrono, but cannot use the exhibit as evidence.

4  **Exhibit No. 16**—Health Services Request for Pain and Numbness in Shoulder, 6/20/07.

5  **Ruling:**     Held in abeyance until the exhibit is proffered at trial.

6  **Exhibit No. 17**—Encounter Form for Shoulder Pain, 6/25/07.

7  **Ruling:**     Exhibit precluded on hearsay grounds, and relevance.  Plaintiff cannot provide an
8              explanation for the document without expert testimony.

9  **Exhibit No. 18**—Physician's Orders for X-Ray of Shoulder & Pain Meds, 7/11/07.

10 **Ruling:**     Exhibit precluded on hearsay grounds, and relevance.  Plaintiff cannot provide an
11             explanation for the document without expert testimony.

12 **Exhibit No. 19**—Out Patient Progress Notes Shoulder Pain, 7/11/07.

13 **Ruling:**     Exhibit precluded on hearsay grounds, and relevance.  Plaintiff cannot provide an
14             explanation for the document without expert testimony.

15 **Exhibit No. 20**—Chronic Care Follow-up for Left Shoulder Pain, 8/9/07.

16 **Ruling:**     Exhibit precluded on hearsay grounds.

17 **Exhibit No. 21**—Physician's Orders for MRI of Left Shoulder, 8/9/07.

18 **Ruling:**     Exhibit precluded on hearsay grounds, and relevance.  Plaintiff cannot provide an
19             explanation for the document without expert testimony.

20 **Exhibit No. 22**—Physician's Request for Services for MRI of Shoulder, 8/22/07.

21 **Ruling:**     Exhibit precluded on hearsay grounds, and relevance.  Plaintiff cannot provide an
22             explanation for the document without expert testimony.

23 **Exhibit No. 23**—Radiology Report (MRI) of Left Shoulder with Partial Rotator Cuff Tear, 8/23/07.

24 **Ruling:**     Exhibit precluded on hearsay grounds, and relevance.  Plaintiff cannot provide an
25             explanation for the document without expert testimony.

26 **Exhibit No. 24**—Physician Request for Services for Orthopedic Specialist for Shoulder, 9/11/07.

---

[1] The parties' arguments are the same with regards to Exhibits Nos. 16 through 28.

5

**Ruling:**     Exhibit precluded on hearsay grounds, and relevance.  Plaintiff cannot provide an explanation for the document without expert testimony.

**Exhibit No. 25**—30-Day Specialty Progress Note Chronic Pain in Shoulder, 9/11/07.

**Ruling:**     Exhibit precluded on hearsay grounds, and relevance.  Plaintiff cannot provide an explanation for the document without expert testimony.

**Exhibit No. 26**—Chronic Care Follow-up for Shoulder Pain, 9/11/07.

**Ruling:**     Exhibit precluded on hearsay grounds, and relevance.  Plaintiff cannot provide an explanation for the document without expert testimony.

**Exhibit No. 27**—Physician's Orders Refer to Orthopedic for Shoulder, 9/11/07.

**Ruling:**     Exhibit precluded on hearsay grounds, and relevance.  Plaintiff cannot provide an explanation for the document without expert testimony..

**Exhibit No. 28**—Physician's Request for Services for Painful Rotator Cuff Tear,9/11/07.

**Ruling:**     Exhibit precluded on hearsay grounds, and relevance.  Plaintiff cannot provide an explanation for the document without expert testimony.

**Exhibit No. 31**—Encounter Form for Shoulder Pain, 9/18/07.

Defendant objects because 1) it contains multiple layers of hearsay, 2) the probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, misleading or unfairly inflaming the passions of the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence, 3) the exhibit lacks proper foundation and authentication, and 4) the exhibit contains scientific, technical, or specialized evidence that requires explanation by qualified medical expert, and the Court has precluded Plaintiff from proffering expert medical testimony at trial.

Plaintiff contends that it is relevant because 1) it bears directly on the sufficiently serious requirement of a deliberate indifference cause of action, 2) it demonstrates continuing treatment for a serious medical condition after the incident, 3) the probative value outweighs danger of undue prejudice, and 4) it was authenticated because Defendant Raygosa admitted to the genuineness of these exhibits through discovery.

**Ruling:**     Exhibit precluded on hearsay grounds, and relevance.  Plaintiff cannot provide an

explanation for the document without expert testimony.

**Exhibit No. 32**—Comprehensive Accommodation Chrono for Waist Chain, 10/12/07.

Defendant objects because 1) it concerns a document allegedly created after the alleged circumstances in this lawsuit, 2) it contains multiple layers of hearsay, 3) the probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, misleading or unfairly inflaming the passions of the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence, 4) the exhibit lacks proper foundation and authentication, and 5) the exhibit contains scientific, technical, or specialized evidence that requires explanation by qualified medical expert, and the Court has precluded Plaintiff from proffering expert medical testimony at trial.

Plaintiff raises the same arguments presented for Exhibit No. 31.[2]

**Ruling:** Exhibit precluded on hearsay grounds, and relevance. Plaintiff cannot provide an explanation for the document without expert testimony.

**Exhibit No. 33**—Physician's Progress Notes Refer to Orthopedic for Rotator Cuff Tear, 10/12/07.

**Ruling:** Exhibit precluded on hearsay grounds, and relevance. Plaintiff cannot provide an explanation for the document without expert testimony.

**Exhibit No. 34**—Chronic Care Follow-up, 12/11/07.

**Ruling:** Exhibit precluded on hearsay grounds, and relevance. Plaintiff cannot provide an explanation for the document without expert testimony.

**Exhibit No. 35**—Physician's Orders Ortho Referral, 12/11/07.

**Ruling:** Exhibit precluded on hearsay grounds, and relevance.

**Exhibit No. 36**—Physician's Request for Services for Orthopedic for Rotator Cuff Tear, 12/11/07.

**Ruling:** Exhibit precluded on hearsay grounds, and relevance. Plaintiff cannot provide an explanation for the document without expert testimony.

**Exhibit No. 37**—Orthopedic Clinic Note Refer for EMGs & MRA Scan of Cervical Spine, 1/23/08.

**Ruling:** Exhibit precluded on hearsay grounds, and relevance. Plaintiff cannot provide an

---

[2] The parties raise the same arguments for the remainder of the exhibits.

|   |   |
|---|---|
| 1 | explanation for the document without expert testimony. |
| 2 | **Exhibit No. 38**—Physician's Orders for MRI of Neck Per Ortho, 1/29/08. |
| 3 | **Ruling:** Exhibit precluded on hearsay grounds, and relevance.  Plaintiff cannot provide an explanation for the document without expert testimony. |

**Exhibit No. 38**—Physician's Orders for MRI of Neck Per Ortho, 1/29/08.

**Ruling:** Exhibit precluded on hearsay grounds, and relevance. Plaintiff cannot provide an explanation for the document without expert testimony.

**Exhibit No. 39**—Physician's Request for Services for MRI of Cervical Spine, 1/29/08.

**Ruling:** Exhibit precluded on hearsay grounds, and relevance. Plaintiff cannot provide an explanation for the document without expert testimony.

**Exhibit No. 40**—Radiology Report MRI of the Cervical Spine, 2/27/08.

**Ruling:** Exhibit precluded on hearsay grounds, and relevance. Plaintiff cannot provide an explanation for the document without expert testimony.

**Exhibit No. 41**—Chronic Care Follow-up for Nerve Conduction, 3/11/08.

**Ruling:** Exhibit precluded on hearsay grounds, and relevance. Plaintiff cannot provide an explanation for the document without expert testimony.

**Exhibit No. 42**—Physician Request for Services for EMG & Nerve Conduction Findings Normal, 4/1/08.

**Ruling:** Exhibit precluded on hearsay grounds, and relevance. Plaintiff cannot provide an explanation for the document without expert testimony.

**Exhibit No. 43**—Health Care Request for Severe Shoulder Pain, 5/2/08.

**Ruling:** Exhibit precluded on hearsay grounds, and relevance. Plaintiff cannot provide an explanation for the document without expert testimony.

**Exhibit No. 44**—Encounter Form for Shoulder Pain, 5/7/08.

**Ruling:** Exhibit precluded on hearsay grounds, and relevance. Plaintiff cannot provide an explanation for the document without expert testimony.

**Exhibit No. 45**—Chronic Care Follow-up to Ortho for Shoulder Pain, 5/20/08.

**Ruling:** Exhibit precluded on hearsay grounds, and relevance. Plaintiff cannot provide an explanation for the document without expert testimony. Plaintiff cannot provide an explanation for the document without expert testimony.

**Exhibit No. 46**—30-Day Specialty Progress Note for Shoulder Pain, 5/20/08.

1 **Ruling:** Exhibit precluded on hearsay grounds, and relevance. Plaintiff cannot provide an explanation for the document without expert testimony.

**Exhibit No. 47**—Chronic Care Follow-up for Rotator Cuff Tear, 9/8/08.

**Ruling:** Exhibit precluded on hearsay grounds, and relevance. Plaintiff cannot provide an explanation for the document without expert testimony.

**Exhibit No. 48**—Physician's Orders for Follow-up with Ortho Dr. Smith, 9/8/08.

**Ruling:** Exhibit precluded on hearsay grounds, and relevance. Plaintiff cannot provide an explanation for the document without expert testimony.

**Exhibit No. 49**—Orthopedic Clinic Note the Cervical MRI Shows Several Areas of Disk Protrusions, 10/8/08.

**Ruling:** Exhibit precluded on hearsay grounds, and relevance. Plaintiff cannot provide an explanation for the document without expert testimony.

**Exhibit No. 50**—Physician's Orders Refer to Neurosurgeon Urgent, 10/10/08.

**Ruling:** Exhibit precluded on hearsay grounds, and relevance. Plaintiff cannot provide an explanation for the document without expert testimony.

**Exhibit No. 51**—Bakersfield Neuroscience & Spine Institute Neurosurgical Consultation for Spinal Stenosis Refer Urgent Surgery, 11/21/08.

**Ruling:** Exhibit precluded on hearsay grounds, and relevance. Plaintiff cannot provide an explanation for the document without expert testimony.

**Exhibit No. 52**—Physician Request for Services Findings "to follow" Dr. Rahimifar, 11/21/08.

**Ruling:** Exhibit precluded on hearsay grounds, and relevance. Plaintiff cannot provide an explanation for the document without expert testimony.

**Exhibit No. 53**—Discharge Summary From ACH Noting Concern for Physical Contact and Urgent Request for Surgery, 11/26/08.

**Ruling:** Exhibit precluded on hearsay grounds, and relevance. Plaintiff cannot provide an explanation for the document without expert testimony.

**Exhibit No. 54**—Physician Request for Services for Urgent Surgery, 2/4/09.

**Ruling:** Exhibit precluded on hearsay grounds, and Plaintiff cannot provide an

explanation for the document without expert testimony.

**Exhibit No. 54**—Physician Request for Services for Urgent Surgery, 2/4/09.

**Ruling:** Exhibit precluded on hearsay grounds, and relevance. Plaintiff cannot provide an explanation for the document without expert testimony.

**Exhibit No. 56**—Radiology Report X-Ray Cervical Spine Indicating Neck Pain with Left Arm Weakness, 4/29/09.

**Ruling:** Exhibit precluded on hearsay grounds, and relevance. Plaintiff cannot provide an explanation for the document without expert testimony.

**Exhibit No. 57**—Bakersfield Neuroscience & Spine Institute Neurosurgical Telemedicine Progress Note, 5/26/09.

**Ruling:** Exhibit precluded on hearsay grounds, and relevance. Plaintiff cannot provide an explanation for the document without expert testimony.

**Exhibit No. 58**—Physician Request for Services Refer to Ortho for Rotator Cuff Tear, 9/9/09.

**Ruling:** Exhibit precluded on hearsay grounds, and relevance. Plaintiff cannot provide an explanation for the document without expert testimony.

IT IS SO ORDERED.

**Dated:   May 21, 2012**                             /s/ Lawrence J. O'Neill
                                                                           UNITED STATES DISTRICT JUDGE