# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK WOODALL,<br><br>             Plaintiff,<br><br>     v.<br><br>A. RAYGOZA, et al.,<br><br>             Defendants. | Case No. 1:08-cv-01948-LJO-DLB PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO FIND DEFENDANT'S OBJECTIONS TO BILL OF COSTS AS UNTIMELY**<br><br>ECF No. 170 |

Plaintiff Nick Woodall ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in a civil action pursuant to 42 U.S.C. § 1983. On May 23, 2012, a jury reached a special verdict in favor of Plaintiff and against Defendant A. Raygoza. Plaintiff was thus the prevailing party. On June 11, 2012, Plaintiff submitted a bill of costs. ECF No. 159. Plaintiff attached a proof of service dated June 7, 2012. On June 18, 2012, Defendant filed objections. ECF No. 162.

Pending before the Court is Plaintiff's motion to find Defendant's objections as untimely, filed September 21, 2012. ECF No. 170. The Court typically grants an opposing party twenty-one (21) days from the date of service of the motion in which to file an opposition. However, no opposition is necessary.

Plaintiff contends that Defendant's objection is late. Plaintiff submits a proof of service dated June 7, 2012. Pursuant to Local Rule 292(c), objections may be filed within seven (7) days from the date of service of a cost bill. Plaintiff contends that Defendant is not entitled to an

1

1 additional three days for service by mail because Defendant is required to file everything
2 electronically, citing Local Rule 133(a).  Plaintiff contends that even if Defendant is permitted an
3 additional three days, Defendant filed the objection after eleven days.

4       Plaintiff is mistaken regarding Local Rule 133(a).  Local Rule 133(a) requires all attorneys to
5 file electronically.  However, Plaintiff served Defendant by mail.  Under Rule 6(d) of the Federal
6 Rules of Civil Procedure, "[w]hen a party may or must act within a specified time after service and
7 service is made under Rule 5(b)(2)(C) [service by mail] . . . 3 days are added after the period would
8 otherwise expire under Rule 6(a)."  Because Plaintiff served Defendant by mail, Defendant received
9 an additional three days to the time period.  Thus, Defendant had ten days from June 7, 2012 by
10 which to file his objection, which would be June 17, 2012.

11       However, June 17, 2012 falls on a Sunday.  Pursuant to Rule 6(a)(1)(C) of the Federal Rules
12 of Civil Procedure, if the last day of a specified time period falls on a Sunday, the period continues
13 to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.  In this instance,
14 the next day is June 18, 2012, a Monday.  Defendant served his objections on that day.  Defendant's
15 objection is therefore timely.

16       Accordingly, it is HEREBY ORDERED that Plaintiff's motion to find Defendant's objection
17 untimely, filed September 21, 2012, is denied.

IT IS SO ORDERED.

21   Dated: **September 28, 2012**    /s/ *Dennis L. Beck*
22                                     UNITED STATES MAGISTRATE JUDGE